PEOPLE *on rel.* DELAMATER *a.* WAMSLEY.

*Supreme Court, Seventh District; Special Term, June,* 1862.

REMOVAL OF GUARDIAN BY SURROGATE.—NEW APPOINTMENT.—
RESIDENCE OF THE INFANTS.—MARRIED WOMEN.

Under 2 Rev. Stat., 153, § 17,—which provides that on the removal of a guardian the surrogate may proceed and appoint a new guardian,—the new appointment is to be made by the surrogate whose order of removal created the vacancy, without regard to the residence of the infants.

Section 9 of chapter 157 of Laws of 1860 (repealed by the *Laws of* 1862, ch. 172), which constituted every married woman joint guardian of her children with her husband, related to married women only; and they became, not sole guardians, but only jointly with their husbands. To such as had no husbands, the act did not apply.

Habeas Corpus.

The relator was Sarah M. Delamater; the defendant, Edward Wamsley. The writ was issued by Hon. E. Darwin Smith, justice, and made returnable at the present term. The grounds of the proceedings sufficiently appear from the opinion.

*George G. Munger* and *Henry R. Selden,* for relator.

*Theodore R. Strong* and *Edward Harris,* for defendant.

WELLES, J.—The only question to be decided in this case is, whether the appointment of the defendant, as general guardian of the persons and property of William E. Wamsley and Joseph Wamsley, infants under the age of twenty-one years, by the surrogate of Wayne county, was valid; or rather, whether such surrogate had jurisdiction to make the appointment.

In the month of August, 1857, the present relator (then Sarah M. Wamsley), presented a petition to the surrogate of Wayne county, praying the appointment of Jacob S. Delamater as general guardian, &c., of the said minors; and such proceedings were had upon the said petition, that afterwards, on the 10th day of August aforesaid, the said Delamater was duly appointed such guardian. He remained such guardian until the 28th day

of October, 1861, when he was, by an order of such surrogate, duly removed from the said office of guardian of said infants, and his appointment thereto revoked.

On the same day last mentioned, and after such removal was made, a petition was presented to the same surrogate for the appointment of the defendant as general guardian for said minors; and such proceedings were had upon said petition, that afterwards, and on the 4th day of November, 1861, the defendant was appointed such guardian.

There is no objection made to the appointment of Delamater, in August, 1857, nor to the order for his removal in October, 1861.

It is objected by the relator's counsel that it was not shown, before the surrogate, in the proceedings for the appointment of the defendant, that the said minors were residents of the said county of Wayne, and that therefore the surrogate had no jurisdiction to make the order appointing the defendant.

Assuming that their residence was not then in the county of Wayne, but that it had been removed therefrom after the appointment of Delamater as their guardian in 1857, I think it made no difference in respect to the jurisdiction of the surrogate.

The Revised Statutes, vol. 2, 153, §§ 14–16, provide for the removal of general guardians of minors, and direct the manner of proceeding before the surrogate. The application is to be made before the surrogate who appointed the guardian. (§ 14.) Section 17 is as follows:

" Upon such removal being made, the surrogate may proceed and appoint a new guardian, in the same manner as if no guardian had been appointed."

The appointment provided for in this section is to be made by the surrogate whose order of removal created the vacancy. "The surrogate may proceed," &c. This, I think, means the surrogate mentioned in next three preceding sections: " Upon such removal being made, the surrogate may proceed and appoint a new guardian," &c. It seems to me entirely clear that the Legislature intended to confine the power of appointing the new guardian to the same surrogate who removed the one whose place is to be supplied. " After he has made the removal, he shall thereupon proceed," &c., " in the same manner as if no

People *on rel.* Delamater *a.* Wamsley.

guardian had been appointed;"—that is, to assign a day for hearing the application, and direct notice of the hearing to be given to the relatives of the minor, &c., as required by section 5. It is in the nature of a continuous proceeding, before the same officer, who having once acquired jurisdiction to appoint a guardian for the minor, is not to be ousted of it by the removal of the minor to another county. (2 *Rev. Stat.*, 223, § 12; 5 ed., 367.)

It is also contended, on behalf of the relator, that the appointment of the defendant by the surrogate, as guardian for the minors, was invalid by reason of the act of 1860, in relation to the rights of married women. (*Sess. Laws of* 1860, 157.) This position is founded upon the 9th section of that act, which is as follows: "Every married woman is hereby constituted and declared to be the joint guardian of her children with her husband, with equal powers, rights, and duties, in regard to them, with her husband." This section, with others in the same act, was repealed by section 2, of the act passed April 10th, 1862, (*Sess. Laws* of that year, 343, 344, ch. 172.)

But, assuming it to be still in force, it cannot apply to the case under consideration.

The relator was not a married woman when the defendant was appointed guardian. The act of 1860, in all its provisions, relates to married women only, and in regard to them they are not constituted sole guardians, but only jointly with their husbands. If they have no husbands, the act does not apply.

It follows, from these views, that the defendant is entitled to the custody of the minors, and that they should be remanded to him accordingly.

Judgment to that effect must be entered, with costs, to be paid by the relator to the defendant.