Matter of the Guardianship of LAURA STEIN.

(Surrogate's Court, Bronx County, January, 1915.)*

Guardians — appointment of — Surrogate's Court — jurisdiction — Code Civ. Pro. § 2514.

Under section 2514 of the Code of Civil Procedure an application for the appointment of a guardian of the person and estate of an infant, as the successor of a guardian theretofore appointed, should be made to the Surrogate's Court which exercised jurisdiction originally on the appointment and subsequently on the removal of the guardian.

APPLICATION for the appointment of a guardian of an infant.

Louis Burgess, for petitioner.

SCHULZ, S. This is an application by an infant over the age of fourteen years for the appointment of her brother as the guardian of her person and estate, to take the place of a guardian appointed for her by the Surrogate's Court of Kings county in the year 1901, and removed by a decree of said court, in the year 1914. Both the infant and the person whose appointment is prayed for now reside in the county of Bronx, and hence this court would be the proper one to which the application should be made, if no guardian had heretofore been appointed for the minor. The question presented is whether this court should entertain the proceeding or whether the application should be made

---

* Received too late for insertion in proper place.— [REPR.

Surrogate's Court, Bronx County, January, 1915.   [Vol. 98.

to the Surrogate's Court of the county of Kings, by which the prior appointment was made.

It has always appeared to me to be conducive to the orderly administration of the affairs of infants that proceedings affecting them or their estates should all be brought in the same forum and I believe that the statutory provisions permit this procedure.

Section 2514 of the Code provides as follows: "Jurisdiction, once duly exercised over any matter by a surrogate's court, excludes the subsequent exercise of jurisdiction by another surrogate's court, over the same matter, and all its incidents, except as otherwise specially prescribed by law. Where a guardian has been duly appointed by, or letters testamentary or of administration have been duly issued from, or any special proceeding has been duly commenced in, a surrogate's court having jurisdiction, all further proceedings to be taken in a surrogate's court, with respect to the same estate or matter, must be taken in the same court."

In accordance with the views above expressed, and following the law as set forth in the section quoted, I have held that where a guardian appointed by the Surrogate's Court of New York county died the application for the appointment of his successor should be made to the same court (*Matter of Henry*, N. Y. L. J. April 28, 1914; *Matter of Doblin*, Id. Dec. 23, 1914); and guardians were thereafter appointed by the Surrogate's Court of New York county. If these views are correct, then I think they are all the more applicable to the matter now in question, for it appears that in this matter the Surrogate's Court of Kings county not only exercised jurisdiction originally, but also exercised jurisdiction in removing the guardian originally appointed. Section 2563 of the Code provides:

"Where * * * letters * * * have been revoked by a decree of the surrogate's court, that court has, except in a case where it is otherwise specially prescribed by law, the same power to appoint a successor * * * as if the letters had not been issued, * * *."

Section 17 of the Revised Statutes (2 R. S. 153), being one of the provisions from which section 2563 of the Code was derived, is as follows: "Upon such removal (of a guardian) being made, the surrogate may proceed and appoint a new guardian in the same manner as if no guardian had been appointed."

The substance of this section is practically the same as that of section 2563 of the Code of Civil Procedure, and the language "as if no guardian had been appointed" is retained in section 2563 in the form "as if the letters had not been issued." With this statute before it, the court in *People ex rel Delamater* v. *Wamsley,* 15 Abb. Pr. 323, said: "The appointment provided for in this section is to be made by the surrogate whose order of removal created the vacancy. * * * It is in the nature of a continuous proceeding, before the same officer, who having once acquired jurisdiction to appoint a guardian for the minor, is not to be ousted of it by the removal of the minor to another county;" citing 2 Revised Statutes, 223 (§ 12), from which section 2514 of the Code of Civil Procedure above quoted is in part derived. Sections 2644 and 2569 of the Code of Civil Procedure would apparently give the right to the infant to apply to this court, but as a guardian had heretofore been duly appointed and as this is a further proceeding taken in a Surrogate's Court with respect to the same estate or matter, these sections must be read in connection with sections 2514 and 2563, and if possible be harmonized with them. All of the sections can be given effect if the latter are construed to mean what their language clearly imports.

Surrogate's Court, Herkimer County, January, 1917. [Vol. 98.

My attention has been drawn to *Ex parte Bartlett,* 4 Brad. 221, decided in 1853, nine years before the opinion in *Matter of People* v. *Wamsley* was rendered, but the provisions of the Revised Statutes then applicable, and to which reference has been made, were not adverted to in the opinion and apparently were not urged before the court. *People ex rel. Delamater* v. *Wamsley* appears to me to be nearer in point.

The application is, therefore, denied with leave to renew in the proper jurisdiction.

Application denied.